## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| **GARY I. REYNOLDS, M.D.,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. RWT-14-427 |
| | * | |
| | * | |
| **U.S. DEPARTMENT OF JUSTICE, *et al.,*** | * | |
| | * | |
| Defendants. | * | |
| | * | |

## MEMORANDUM OPINION

Before the Court is Plaintiff's Motion for Leave to File Amended Complaint [ECF No. 56], which, if granted, would be the Fifth Amended Complaint [ECF No. 56-2]. After considering the motion and Defense opposition, this Court will **DENY** Plaintiff's motion because it seeks to reintroduce claims barred by res judicata and add factual information primarily relevant to those barred claims.

### I.    BACKGROUND

Plaintiff's complaint stems from his work as a medical officer for the Bureau of Prisons (BOP), his termination from that position, and the BOP's subsequent reporting of Plaintiff's conduct to the National Practitioner Data Bank (NPDB). ECF No. 46, at 1. The majority of the relevant background has been recounted in the memorandum opinion filed January 21, 2014 by the United States District Court for the District of Columbia. *Id*., at 1–6. In that opinion, the court dismissed all but three claims as being barred by res judicata or for failing to state a claim.[1] The court then transferred the remaining claims to this Court, finding that Plaintiff's claim under the Little Tucker Act, 28 U.S.C. § 1346(a)(2) was improperly before it. *Id.* at 16. The two other

---

[1] Specifically, Counts One, Two, Five, Six and Seven were barred by res judicata. ECF No. 46, at 8. The court dismissed Count Nine, the Title VII Retaliation Claim, for failing to state a plausible claim. *Id.* at 13–14.

remaining claims—that the BOP violated the FOIA and the Privacy Act—accompanied the Little

Tucker Act claim to this Court.[2]

## II.     ANALYSIS

Plaintiff seeks to amend his complaint under FRCP 15 (a)(2), which permits a party to

amend a pleading before trial with the court's leave.  "[L]eave to amend a pleading should be

denied only when the amendment would be prejudicial to the opposing party, there has been bad

faith on the part of the moving party, or the amendment would be futile."  *Edwards v. City of*

*Goldsboro*, 178 F.3d 231, 242 (4th Cir.1999).

A futile amendment would include one that seeks to reintroduce claims already barred by

res judicata.  *See Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 485 (1982) ("In our

system of jurisprudence the usual rule is that merits of a legal claim once decided in a court of

competent jurisdiction are not subject to redetermination in another forum."); *Davis v. Piper*

*Aircraft Corp.*, 615 F. 2d 606, 613 (1980) (stating that "substantive or procedural considerations"

can make an amendment futile); *Jones v. HSBC Bank USA, N.A.*, 444 F. App'x 640, 645

(4th Cir. 2011) (holding that claim preclusion rendered an amendment futile).  "[T]he essential

elements of [res judicata] are generally stated to be (1) a final judgment on the merits in an

earlier suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an

identity of parties or their privies in the two suits."  *Nash Cnty. Bd. of Ed. v. Biltmore Co.*,

640 F.2d 484, 486 (4th Cir. 1981).

Applying these elements in the instant case, it is clear that allowing Plaintiff's proposed

amended complaint would be futile because the amended complaint seeks to reintroduce claims

barred by res judicata.  In his amended complaint, Plaintiff has included as Counts Three, Five,

---

[2] Plaintiff filed a motion to reopen the case in the District of Columbia, which that court denied on May 15, 2015. D.D.C. ECF No. 52.

and Six his former Counts One, Seven and Nine, respectively. *Compare* ECF No. 46, at 5–6 (reciting the causes of action in the Fourth Amended Complaint), *with* ECF. No. 56-2, at 23, 26, 29 (proposed Fifth Amended Complaint). The United States District Court for the District of Columbia issued a final judgment on these claims. The identity of the claims and the parties are identical in the proposed Fifth Amended Complaint. Plaintiff argues in his reply that these claims are not barred because they are based on new information questioning "the authenticity of the documents which formed the basis for plaintiff's removal and corrected NPDB report." ECF No. 59, at 6. Plaintiff misapplies the law. The issue is not whether Plaintiff has new support for his claims, but rather whether Plaintiff's claims were adjudicated on the merits, which they were.

Plaintiff may move to amend his complaint to add facts relevant to the surviving claims, if he so chooses. Plaintiff is reminded that Local Rule 103.6(c) requires that parties seeking to amend "shall file and serve (1) a clean copy of the amended pleading and (2) a copy of the amended pleading in which stricken material has been lined through or enclosed in brackets and new material has been underlined or set forth in bold-faced type."

Because Plaintiff's proposed Fifth Amended Complaint consists primarily of barred claims and facts related to those claims, his Motion for Leave to File Amended Complaint is denied. A separate Order follows.

Date: October 8, 2015                             /s/

                                           ROGER W. TITUS
                                           UNITED STATES DISTRICT JUDGE